IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA M. GRANGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00597-CG-N |
| | ) | |
| CROSCILL HOME, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Defendant has filed a Motion to Dismiss or Alternatively to Transfer (doc. 10) premised on the existence of a forum selection clause in the contract at issue. Plaintiff has filed a Motion to Remand (doc. 17) asserting that this court lacks subject matter jurisdiction over this action. These matters have been referred to the undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a). The undersigned considers the jurisdictional challenge first, *see* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999), and, as it appears that this court lacks jurisdiction, RECOMMENDS that the court Remand this action to the Circuit Court of Mobile County without reaching the Motion to Dismiss.

Having, by separate order, reconsidered its prior order denying as premature plaintiff's Motion for Attorneys Fees (doc. 27), the court herein also considers plaintiff's request for fees related to the removal of this action, together with defendant's Response (doc. 29) thereto. Upon consideration of the pleadings and briefs, the undersigned recommends that the Motion for Attorneys Fees (doc. 27) be DENIED.

FACTS

Plaintiff, Lisa M. Granger, filed a complaint in the Circuit Court of Mobile County, Alabama, on September 24, 2010. The Complaint includes claims for breach of contract and negligence related to performance of the contract. Specifically, the complaint alleges that plaintiff and defendant, Croscill Home, L.L.C., entered into a contract on June 16, 2009, by which plaintiff granted defendant an exclusive three-year license to make, use and sell certain products designed and developed by plaintiff, and defendant promised to display and market the products for a period of three years and to pay plaintiff a royalty on such sales. (Doc. 1 – Complaint) Plaintiff further alleges that "Croscill failed and refused to honor its contractual obligations." *Id.* The complaint does not mention a patent or any other issue of federal law.

ANALYSIS

In its Notice of Removal, defendant cites both federal question and diversity of citizenship jurisdiction as bases for removal of plaintiff's state-law breach of contract claims. It argues both theories in opposition to remand, as well, presenting additional facts to support the diversity argument. The undersigned addresses these theories separately.

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party's burden is heavy. Burns, *supra*.

Federal Question Jurisdiction

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule", which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint. *See* Gully v. First Nat'l Bank, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). No federal question is presented on the face of plaintiff's complaint; however, the patent application is mentioned in the contract which is attached to the complaint. *See* Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1214, n.4 (11th Cir. 2005) ("well-pleaded complaint" includes attachments to the complaint).

Defendant quotes Supreme Court precedent holding that a case "arises under" federal law if a well-pleaded complaint pleads a cause of action created by federal law, or if a state-law claim "turn[s] on substantial questions of federal law." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 313 (2005). However, its citation to that case for the proposition that "a state-law claim will give rise to federal question jurisdiction so long as it appears from the complaint or attachments thereto that the right to relief depends upon the construction or application of federal law," (doc. 24 at 6) is erroneous. While most of those particular words do appear on the cited page of Grable, the sentence introduces them as a quotation of prior case law the Court describes as "a somewhat generous statement of the scope of the doctrine." Grable, 545 U.S. 312-13 (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921)). The decision immediately thereafter describes the manner in which "[t]he Smith statement has been subject to some trimming to fit earlier and later cases recognizing the vitality of the basic doctrine, but shying away from the expansive view that the mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door." Id. at 313. "It has in fact become a constant refrain in such cases that federal jurisdiction demands not only

a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Id.

The instant action does not fit within this limited jurisdictional doctrine. For federal question jurisdiction under § 1338(a)[1], the well-pleaded complaint must establish either that "federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law...." Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809(1988). Defendant argues that plaintiff's breach of contract action belongs in federal court because the contract at issue involves the sale of a particular product on which a patent application was pending at the time the contract was entered, but was rejected and the application thereafter withdrawn. Defendant argues, in sum, that because the contract included a provision requiring defendant to mark the product to indicate that a patent application was pending or, upon issuance of a patent, that the design was patented, the suit presents a substantial issue of federal patent law—even though the contract does not allege a claim for failure to so mark the products after the patent application was denied. The court finds this argument unavailing.

"The possibility of some ancillary patent-related issue does not confer jurisdiction; not all patent law questions demand federal jurisdiction-state courts can and do resolve such issues." Collin County, Texas v. Seimens Business Services, Inc., et al, 2007 WL 2908926 at *3 (5th Cir., October 3, 2007) *citing* Speedco., Inc., v. Estes, 853 F. 2d 909, 913 (Fed. Cir. 1988) and Am. Tel. & Tel. Co. v. Integrated Network Corp., 972 F. 2d 1321, 1324 (Fed. Cir. 1992) (stating that

---

[1] "Section 1338 grants district courts exclusive jurisdiction of suits that 'include[] allegations that federal patent law creates the cause of action of federal patent law is a necessary element of the claim.'" Collin County, Texas v. Siemens Business Services, Inc., et al., 2007 WL 2908926, * 3 (5th Cir. October 3, 2007) *quoting* Scherbatskoy v. Halliburton Co., 125 F. 3d 288, 290 (5th Cir. 1997).

an ancillary issue relating to patent law "cannot of itself sustain [federal] jurisdiction.). "[W]here a patentee complainant makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for a specific performance thereof, or asks the aid of the court in declaring a forfeiture of the license, or in restoring an unclouded title to the patent, he does not give the federal District Court jurisdiction of the cause as one arising under the patent laws." Luckett v. Delpark, Inc., 270 U.S. 496, 510 (1926); *see also* Beghin-Say Int'l v. Ole-Bendt Rasmussen*,* 733 F.2d 1568, 1571 (Fed. Cir. 1984) (pointing out that courts "have consistently held for over 130 years that contract disputes involving patents do not 'arise under any act of Congress relating to patents,'" as required by § 1338(a)); Arvin Indus., Inc. v. Berns Air King Corp., 510 F.2d 1070, 1072-1074 (7th Cir. 1975) (suit for breach of patent license agreement); Kysor Indus. Corp. v. Pet, Inc*.,* 459 F.2d 1010, 1012 (6th Cir. 1972), *cert. denied,* 409 U.S. 980 (1972) (suit for breach of patent license agreement). The plaintiff's claims for breach of contract and negligence do not create an action under Section 1338 and therefore the undersigned finds that this case does not present an instance of federal question jurisdiction.

Diversity of Citizenship Jurisdiction

Defendant appears to place the greatest weight on its argument that federal jurisdiction exists under the diversity of citizenship provision of 28 U.S.C. § 1332. It is without significant issue that the parties are completely diverse.[2] The crux of the jurisdictional issue concerns the defendant's proof of the amount in controversy.

---

[2] Plaintiff asserts that defendant has failed to properly allege its own citizenship. Defendant is identified in the complaint as a Limited Liability Company ("L.L.C."), but has filed a Corporate Disclosure Statement (doc. 5) and identifies itself as a Delaware corporation in paragraph 6 of the Notice of Removal (doc. 1). However, in Response (doc. 24) to the Motion to Remand defendant identifies itself as an L.L.C. organized under the laws of Delaware, and states that its sole member is a corporation which (Continued)

Title 28, United States Code, Section 1332(a) provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs… ." Plaintiff's complaint does not contain an ad damnum clause or other statement of the amount sought in this litigation. Where a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). In support of its Notice of Removal, defendant makes the conclusory allegation that it "is informed and believes" that the amount in controversy exceeds $75,000, and/or that the satisfaction of the jurisdictional amount in controversy requirement is "facially apparent" from the complaint. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such assertion, is insufficient to meet the defendant's burden." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001). This Circuit's recent pronouncement on the requirements for removal on the basis of diversity of citizenship, Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010)[3], reiterates this holding. Id. at 752.

---

is a citizen of a state or states other than Alabama, and that plaintiff is a citizen of Alabama. This appears to be sufficient to establish the diversity of the parties. Even if it were not, because the undersigned finds that defendant's proof of the amount in controversy is inadequate, the recommendation to remand this action would be unaffected by any potential weaknesses in the allegations of the citizenship of the defendant.

[3] Like Pretka, this case was removed within thirty days of service of the complaint on the defendant pursuant to the first paragraph of 28 U.S.C. § 1446(b). The court thus need not apply the procedures mandated by Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), which addressed removal under the second paragraph of § 1446(b).

Defendant has attempted to supplement the evidence presented in its Notice of Removal on the issue of the amount in controversy. In response (doc. 24) to the Motion to Remand, defendant offers a *post-removal* settlement offer by the plaintiff for an amount which, including attorneys' fees, was *less than* $75,000. Ordinarily, attorneys' fees should not be considered when determining the jurisdictional amount in controversy unless they are allowed for by statute or by contract. Federated Mut. Ins.Co. v. McKinnon Motors, L.L.C., 329 F.3d 805, 808 n. 4 (*citing* Graham v. Henegar, 640 F.2d 732, 736 (5th Cir.1981)). However, paragraph 9 of the contract at issue provides for an award of attorneys' fees related to a breach of the agreement. (Doc. 1-Complaint) Nonetheless, the settlement offer does not support defendant's position.

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751. A post-removal settlement offer could not have been a basis for the removal; it follows that a defendant cannot supplement its Notice with evidence that did not exist at the time the Notice was filed. Thus, defendant's arguments based on a) the plaintiff's post-removal settlement offer [of less than the jurisdictional amount], and b) the likelihood that plaintiff's attorneys' fees would increase following removal, cannot validate defendant's removal of this action.

Based upon those portions of the record before the court which existed prior to the filing of defendant's Notice of Removal on October 29, 2010, the undersigned finds that defendant has failed to prove by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, and thus has failed to establish that this court had original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Motion for Attorneys Fees

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). However, the mere fact that a case is remanded does not create a presumption in favor of awarding fees. *See* Bauknight v. Monroe Cnty., 446 F.3d 1327, 1329 (11th Cir. 2006). In the last analysis, an award of attorney's fees remains discretionary with the court. *See* id. at 1332.

Upon review of the pleadings, plaintiff's motion for attorneys fees and defendant's response, the undersigned recommends that the motion for attorney's fees be denied. Defendant has raised a colorable argument that this Court had jurisdiction over this action. Absent unusual circumstances, fees under Section 1447(c) are inappropriate when the removing party had an "objectively reasonable basis" for removal. 446 F.3d at 1329 (internal quotes omitted). While the undersigned disagrees and determines that federal subject matter jurisdiction did not exist here, Defendant's removal of the action was objectively reasonable.

CONCLUSION

As set forth above, the undersigned finds that this court lacks jurisdiction over this action on either federal question or diversity of citizenship grounds, and thus that removal of this action was improper. Accordingly, it is RECOMMENDED that plaintiff's Motion to Remand be GRANTED, that this action be REMANDED to the Circuit Court of Mobile County, Alabama. It is further RECOMMENDED that plaintiff's Motion for Attorneys Fees (doc. 27) be DENIED.

The attached sheet contains important information regarding objections to this recommendation.

DONE this 7th day of January 2011.

        /s/Katherine P. Nelson
        **KATHERINE P. NELSON**
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                /s/Katherine P. Nelson
                                                                UNITED STATES MAGISTRATE JUDGE

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).